5

| | |
|---|---|
| 1 | STEVEN S. ALTMAN (State Bar No. 63824)<br>LAW OFFICES OF STEVEN ALTMAN, PC |
| 2 | Attorney at Law<br>1127-12th Street, Suite 203 |
| 3 | Modesto, California 95354<br>Phone (209) 521-7255 |
| 4 | Fax: (209) 577-8390<br>Email: altman@altmanattorney.com |
| 5 | |
| 6 | Attorney for Trustee<br>Stephen Ferlmann |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| In re: | ) | Case No: | 14-21028 |
|---|---|---|---|
| | ) | DCNO: | SSA-3 |
| DANNY AARON CAAMAL, | ) | Chapter 7 Case | |
| | ) | Date: | April 15, 2015 |
| Debtor. | ) | Time: | 10:00 a.m. |
| | ) | Place: | U.S. Bankruptcy Court |
| | ) | | 501 I Street, 6th Floor |
| | ) | | Sacramento, CA 95814 |
| | ) | Judge: | Robert S. Bardwil |
| | ) | Dept: | D |

## TRUSTEE'S MOTION FOR SALE OF BANKRUPTCY ESTATE'S INTEREST IN REAL PROPERTY

## [11 U.S.C. SECTION 363(b)(1)]

SUBJECT PROPERTY: [one-fourth (1/4th) undivided interest in real property at 1441 Trellis Street, Manteca, California 95336-A.P.N. 208-490-12]

To: THE HONORABLE ROBERT S. BARDWIL, U.S. BANKRUPTCY JUDGE:

Trustee, Stephen C. Ferlmann, respectfully states the following pursuant to 11 U.S.C. Section 363 (b) (1) of the Bankruptcy Code and LBR 9014-1(f)(1) and respectfully represents the following:

1. Debtor filed the subject Chapter 7 bankruptcy case on February 3, 2014. Thereafter, Stephen C. Ferlmann became the duly appointed Trustee of the subject estate.

2. Among the assets which constitute this estate is the following real property (hereafter sometimes identified as "the property" or "the subject property":

**Debtor's 1/4 interest in real property an undivided interest in real property at 1441 Trellis Street, Manteca, California 95336-A.P.N. 208-490-12**

**Legal Description: Lot 53, as shown on the Map of Tract No. 2634, Almond Crest Estates, Unit No. 1, filed for record February 9, 1999, in Book 34 of Maps and Plats, Page 13, San Joaquin County Records.**

3. Debtor's last known exemptions disclaimed any exemption for the subject property. (See Amended Schedules A and C, Docket No. 25, filed April 9, 2014 for which judicial notice is requested pursuant to FRE 201).

4. Through extended substantive discussions with Debtors' parents, Victor Caamal and Maria Caamal (hereafter sometimes referenced as "the Caamals" or "Buyers"), who are also on title as co-owners' to the subject property, the Trustee and his counsel have arrived at a Purchase Agreement Arising from General Bankruptcy Case involving Danny Aaron Caamal, Case No. 14-21028 (hereafter designated as "Purchase Agreement"), to allow the sale of the estate's interest in Debtor's one-fourth interest in the subject property to them. A copy of the Purchase Agreement is identified as Exhibit "1" to the present motion filed herein.

5. The principal terms and conditions of the Purchase Agreement are the following:

1) Subject to Court approval, the Trustee will allow the sale of Debtor Danny Aaron Caamal's one-fourth undivided interest in the subject property to his parents, Victor Caamal and Maria Caamal, Buyers or other parties, for the payment to the bankruptcy estate the sum of $31,000 in full satisfaction of the estate's claims against the property and Debtor, which include, inter alia, the residual non exempt net equity to be paid the estate from Debtor's interest in the subject property referenced above. The legal description and the APN number for the subject property are identified in this agreement as follows:

Lot 53, as shown on the Map of Tract No. 2634, Almond Crest Estates, Unit No. 1, filed for record February 9, 1999, in Book 34 of Maps and Plats, Page 13, San Joaquin County Records. APN: 208-490-12

(Recorded as April 30, 2002, by a grant deed concerning the Trellis property, duly filed in the San Joaquin County Recorders Office, Doc # 2002-074351 )

(2) Payment: Payment of the foregoing **$31,000** shall be due and payable to the Trustee as follows: a) Payments of $1,300 per month for a period of twelve (12) months, commencing by or before January 31, 2015. b) The balance due under this Agreement of $15,400 by or before the end of January 2016.

(3) Payments shall be remitted to the Chapter 7 Trustee Stephen Ferlmann initially by check. Should any check not clear or "bounce" all further payments will be required to be remitted by either money order or cashier's check for remittance.

(4) The subject Trellis property sale between Trustee Ferlmann and Buyers Victor Caamal and Maria Caamal, is being done with full and complete knowledge, consent and agreement that the sale is **"as is"**, **"where is"** and **"without any warranty of any kind"** concerning the subject property. The foregoing includes, but is not limited to any and all actual observable or latent defects in the real property structures on the property and any issues dealing with the construction of any buildings, dwelling or appurtenant property structures or zoning issues, as well as issues concerning the underlying land.

(5) The parties acknowledge that the subject sale is made subject to all liens and encumbrances which are of record against the property.

(6) The foregoing agreement is "Nonassignable."

(7) Buyers, Victor Caamal and Maria Caamal, shall severably and jointly be responsible for procuring the sum of $31,000 to be paid to the Chapter 7 Trustee Stephen Ferlmann in this matter.

(8) The Seller, at his sole discretion, may use the services of a reputable title company to assist with this transaction.

(9) Buyers Victor Caamal and Maria Caamal understand and consent to the fact Debtor Danny Aaron Caamal 's co-ownership interest in the Trellis property, which is being sold, is subject to the sale being approved by the United States Bankruptcy Court at a duly noticed and scheduled hearing set in this matter. Additionally, all parties understand and acknowledge that

the sale will also be subject to overbid, as determined by the Bankruptcy Court, at the hearing set in his matter approving sale.

(10) Each party to this Agreement will otherwise bear their own attorney fees and costs incurred in this matter, unless modified by this Agreement.

(11) If there is a default in any payment due, buyers shall have ten (10) days to cure the default. If the default is not cured, then the full remaining balance shall be accelerated and become due. If there is a default in the remaining final payment due under this Agreement by Buyers, then they shall have ten (10) days to cure the default. The parties agree that any default arising from this Agreement could give rise to a separate adversary proceeding by the Chapter 7 Trustee, Stephen Ferlmann, for further enforcement of the Agreement or to sell the entire property before the United States Bankruptcy Court.

(12) If any party breaches this Agreement, the non defaulting party shall be awarded all reasonable attorney's fees and costs incurred for further enforcement of this Agreement. For the purpose of jurisdiction, the United States Bankruptcy Court, for the Eastern District, shall be the court of competent jurisdiction to adjudicate any breach of the terms and conditions of this Agreement and award appropriate attorney fees and costs.

6. The Trustee contends, based upon his investigation and circumstances surrounding this case, that the proposed sale and agreement of the estate's interest to the Debtor's parents, for the sum of $31,000, is in the best interests of case administration and for creditors of this estate and will allow for a substantial dividend, estimated to be at least 50% to 60% if not more, to unsecured claims duly filed and allowed.

7. Overbids: The Agreement provides for "overbids" in open Bankruptcy Court. (Page 3, Par. 9). The Trustee suggests that for anyone wishing to bid and purchase the estate's interest in the subject property, they be prepared to honor the present existing terms and conditions set forth in the Agreement in Exhibit 1 and also be prepared to bid higher in increments set by the Court and suggested by the Trustee to be $1,000 above the current price of $31,000, thus making the next higher bid $32,000.

**WHEREFORE the Trustee prays as follows:**

1. For authorization to sell the subject property interest referenced above under the terms and conditions as referenced in Exhibit 1.

2. For this Court to fix the appropriate overbid price in open Court at the date and time set for hearing in this matter.

3. For authority for the Trustee to execute any further documents necessary or convenient to consummate this transaction.

4. For authority to administer proceeds pursuant to the Trustee's duties in this case.

5. For this Court to maintain continuing jurisdiction in this matter to enforce the terms and conditions set forth in the above Purchase Agreement, assist the parties in consummating this transaction, and reserving jurisdiction, if necessary, if there are any defaults arising from the Purchase Agreement after order duly made in this matter.

6. For such other relief the court deems just.

Dated: February 17, 2015          Law Offices of Steven Altman, PC

By: _____
STEVEN S. ALTMAN
Attorney for Trustee
Stephen C. Ferlmann